Todd English Enters. LLC v Hudson Home Group, LLC (2022 NY Slip Op 04143)

Todd English Enters. LLC v Hudson Home Group, LLC

2022 NY Slip Op 04143

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Gische, J.P., Kern, Mazzarelli, Singh, Rodriguez, JJ. 

Index No. 652373/18 Appeal No. 16208 Case No. 2022-00181 

[*1]Todd English Enterprises LLC, for services of Todd English, Plaintiff-Appellant,
v
Hudson Home Group, LLC, Defendant-Respondent.

Pastore LLC, New York (Leanne M. Shofi of counsel), for appellant.
Law Offices of Gilbert A. Lazarus, PLLC, New York (Gilbert A. Lazarus of counsel), for respondent.

Order, Supreme Court, New York County (Shawn Kelly J.), entered November 22, 2021, which denied plaintiff's motion for summary judgment on its breach of contract cause of action and for dismissal of defendant's breach of contract counterclaim, unanimously affirmed, without costs.
On April 29, 2014, plaintiff and defendant entered a licensing agreement with a term until the end of 2018. Defendant agreed to develop a line of cookware, inspired by celebrity chef Todd English, which plaintiff agreed to promote. Defendant guaranteed royalties to plaintiff during specified time periods. Section 12.10 required that any modification or waiver be in writing.
Section 5.2.2 of the agreement permitted defendant to terminate the agreement under specified circumstances. These circumstances included: if defendant reasonably decided that English's conduct during the term of the agreement, or previous conduct that came to light during that term, damaged his opinion or reputation; if any such conduct was perceived to be offensive by the general public; if he was arrested for, or charged with, a felony or crime of moral turpitude; and if English made any favorable public display for a competitive product.
In March 2014, while the parties were negotiating the agreement, The New York Post published an article featuring a picture of English in a hot tub with three topless women. English remained the subject of much press coverage throughout the term of the agreement. In August 2014, only a few months after the agreement became effective, English was arrested and charged with drunk driving. In November 2015, lawyers who had represented English sued him to collect a bill of over $270,000. In October 2017, employees at one of English's businesses filed a lawsuit alleging repeated sexual harassment. Shortly afterwards, a server accused English personally of sexually harassing her. All of these events were reported by the media. They also raised doubts as to whether English would legally be able to enter Canada, as required to promote the products, which led English to consider attempting to enter Canada without a visa. Additionally, in August 2016, English promoted competing products on television. It does not appear that defendant disputes knowing of these events shortly after they occurred, or that it did not take action to terminate the agreement at that time.
On February 19, 2018, defendant terminated the agreement. As justification for this termination, it cited: public reporting of English's "inappropriate and unprofessional behavior," including claims of sexual harassment; lawsuits filed against English, including his former attorneys' claim for legal fees; that English was arrested for driving while intoxicated; and English's public promotion of competing products in August 2016.
Plaintiff sued defendant in New York County, alleging that defendant breached its contractual obligation to pay royalties. Defendant counterclaimed for breach of contract. Plaintiff [*2]moved for summary judgment and to dismiss defendant's counterclaim. Supreme Court denied plaintiff's motion.
We agree with Supreme Court that there are triable issues of fact as to both plaintiff's claim and defendant's counterclaim. There are questions of fact as to whether English's conduct breached the contract, whether defendant properly terminated the contract, and the damages suffered by either party.
Plaintiff's invocation of the election of remedies doctrine is unavailing. Under this doctrine, when one party breaches a bilateral contract, the other party "must make an election between declaring a breach and terminating the contract or, alternatively, ignoring the breach and continuing to perform under the contract" (Rebecca Broadway L.P. v Hotton, 143 AD3d 71, 80-81 [1st Dept 2016]). On learning of the breach, the other party "has a reasonable time" to elect its remedy (Parlux Fragrances, LLC v S. Carter Enters., LLC, 204 AD3d 72, 86 [1st Dept 2022]). Here, defendant could have attempted to terminate the agreement as soon as it knew of English's purported misconduct. It did not do so until February 2018, years after it learned of some of the conduct at issue. Therefore, there are triable issues of fact as to whether defendant elected to continue performance rather than to declare a breach (see id. at 86, 90).
Moreover, given the agreement's no waiver clause, there is a question as to whether defendant's acceptance of earlier conduct would preclude termination based on later conduct (see Awards.com v Kinko's, Inc., 42 AD3d 178, 188-189 [1st Dept 2007], affd 14 NY3d 791 [2010]). Although the no waiver clause may itself be waived (see Paramount Leasehold, L.P. v 43rd St. Deli, Inc., 136 AD3d 563, 568 [1st Dept 2016]), lv denied in part and dismissed in part 28 NY3d 1024 [2016]), such a waiver "will not be lightly presumed" and is generally determined by the trier of fact (Parlux Fragrances, 204 AD3d at 87).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022